No. 80

ELTON MOTOR CAR CO. v. YOUNG

Ohio Appeals, 7th Dist., Mahoning County

Decided Nov. 2, 1923

951. PRINCIPAL AND AGENT—Principal must repudiate sale promptly unless he is unable to do so.

114. ATTORNEY AND CLIENT—Attorney's testimony concerning information obtained from client cannot be considered strongly against client.

POLLOCK, J.

Epitomized Opinion

First Publication of this Opinion

Young brought an action in the Municipal Court of Youngstown to recover the balance of the purchase price from the sale of an automobile. Young purchased an automobile from the Elton Motor Car Company upon a deferred payment plan. Before he had completely paid for the machine he entered into an arrangement with the company by which he returned the car to it to sell and apply the purchase price first upon the amount due on the car and the balance to him. The company resold the car for $800, $100 in cash and the remainder in 14 notes of $50 each. These notes were made payable to the company. Young protested because the money was not paid in cash. The purchaser, one Neff, became insolvent and failed to pay the balance on the purchase price of this car. Thereupon Young sued the company to recover the amount due him after the company had deducted the amount that he still owed it. The attorneys for defendant testified to conversations with Young regarding collection of the Neff notes and cross-examined Young as to conversations in their office, contending that Young owned the notes for the balance and that they were acting for him in collecting the same. In affirming the judgment in favor of Young, the Court of Appeals held:

1. The principal must repudiate the acts of his agents upon having full information promptly or he ratifies his agent's acts, but where he cannot repudiate, his is not bound by the sale. As Young could not repudiate the sale for the reason that he could not return the purchase price to the purchaser, he did not ratify the transaction and was not bound by agreement.

2. Attorney's testimony as to conversations with a former client and as to information obtained from him as such cannot be considered strongly against him.

Attorneys—Nicholson & Warnock, for Elton Motor Car Co.; L. L. George, for Young.